J-S17015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| O.P. | |
| Appellant | No. 1556 MDA 2020 |

Appeal from the Judgment of Sentence entered December 8, 2020
In the Court of Common Pleas of Adams County
Criminal Division at No: CP-01-CR-0000995-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: August 13, 2021**

Appellant, O.P. (d/o/b 4/6/03), appeals from the judgment of sentence imposed in the Court of Common Pleas of Adams County on December 8, 2020, following entry of Appellant's negotiated guilty plea to attempted homicide and indecent assault (juvenile).  18 Pa.C.S.A. §§ 901(a) (2501(a)) and 3126(a)(7).  Appellant contends the trial court abused its discretion by denying his motion to transfer jurisdiction to juvenile court.  Upon review, we affirm.

Following a decertification hearing conducted on June 30, 2020, the court issued detailed Findings of Fact and Conclusions of Law in support of its denial of Appellant's decertification motion.  Findings of Fact and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Conclusions of Law, 7/20/20. In its brief, the Commonwealth provided a condensed version of the facts and procedural history that captures the essence of the trial court's lengthier account, explaining:

> Appellant was charged with attempted homicide and related charges on August 5, 2019 following an incident wherein it is alleged that he became intoxicated on drugs and alcohol and then administered some oils to and attempted to engage in sexual acts with a 5 year old. When the victim resisted, Appellant attacked the victim by strangling and suffocating her to the point of unconsciousness. Appellant then left the victim's motionless body and fled the scene. Appellant had a friend drive him into Maryland and confided in that friend that he believed he had killed the victim. Thereafter, Appellant eluded capture for a week by disabling his cell phone, abstaining from social media, and hitchhiking. Eventually, on August 11, 2019, Appellant reported himself as a runaway near the Kentucky border in Virginia and was subsequently identified and produced for extradition on the warrant from this case.
>
> . . . Appellant, through counsel, moved for decertification to juvenile court and was subsequently evaluated by his expert, Dr. Frank Dattilio, and the Commonwealth's expert, Dr. Bruce Wright. A decertification hearing occurred on June [30], 2020, and the court subsequently denied the motion for transfer on July 20, 2020.
>
> Thereafter, on September 14, 2020, Appellant entered negotiated guilty pleas to attempted homicide and indecent assault of a juvenile. Following assessment by the Sexual Offender Assessment Board ["SOAB"], sentencing occurred on December 8, 2020.

Commonwealth Brief at 3-4.

In accordance with the negotiated guilty plea, the trial court imposed a sentenced of seven to fifteen years in prison (with credit for time served) for attempted homicide and a consecutive sentence of five years' probation for indecent assault. The court also imposed costs and set as a special

condition of sentence that Appellant have no contact with his victim or her immediate family. Further, the court noted that the recommendation from the SOAB assessment was that Appellant not be classified as a sexually violent predator. However, due to the indecent assault conviction, Appellant was designated a Tier III offender under SORNA, subject to lifetime reporting. Sentencing Order, 12/8/20, at 1-3.

Following imposition of sentence, Appellant filed a timely appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant presents one issue for our consideration:

Did the trial court abuse its discretion when it denied Appellant's motion for decertification?

Appellant's Brief at 6.

As this Court reiterated in **Commonwealth v. L.P.**, 137 A.3d 629 (Pa. Super. 2016), our standard of review from denial of a certification motion is well-settled.

Decisions of whether to grant decertification will not be overturned absent a gross abuse of discretion. An abuse of discretion is not merely an error of judgment but involves misapplication or overriding of the law or the exercise of a manifestly unreasonable judgment passed upon partiality, prejudice or ill will.

---

[1] The court's Rule 1925(a) statement explained that all issues raised on appeal were addressed in the court's Findings of Fact and Conclusions of Law dated July 20, 2020, a copy of which was attached to the Rule 1925(a) statement. Rule 1925(a) Statement, 2/5/21, at 1.

*Id.*, 137 A.3d at 635 (quoting *Commonwealth v. Ruffin*, 10 A.3d 336, 338 (Pa. Super. 2010) (citations omitted)).

Here, Appellant was charged with criminal attempt to commit murder and, pursuant to 42 Pa.C.S.A. § 6302, fell within the jurisdiction of the court of common pleas. In *L.P.*, our Court explained that

> when jurisdiction vests with the criminal division under Section 6302, the juvenile may seek a transfer to the juvenile system through the process of decertification. *Ruffin*, 10 A.3d at 338. "In determining whether to transfer a case charging murder or any offense excluded from the definition of 'delinquent act' in section 6302, the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest." 42 Pa.C.S. § 6322(a).

*L.P.*, 137 A.3d at 635. "To assess if a transfer will serve the public interest, the court considers the factors in Section 6355(a)(4)(iii)." *Id.*

The provisions of 42 Pa.C.S.A. § 6355(a)(4)(iii) direct that the court, in determining whether the transfer can serve the public interest, is to consider the following factors:

> (A) the impact of the offense on the victim or victims;
> (B) the impact of the offense on the community;
> (C) the threat to the safety of the public or any individual posed by the child;
> (D) the nature and circumstances of the offense allegedly committed by the child;
> (E) the degree of the child's culpability;
> (F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal system; and
> (G) whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors:
> (I) age;
> (II) mental capacity;
> (III) maturity;

(IV) the degree of criminal sophistication exhibited by the child;
(V) previous records, if any;
(VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child;
(VII) whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction;
(VIII) probation or institutional reports, if any;
(IX) any other relevant factors[.]

42 Pa.C.S.A. § 6355(a)(4)(iii).

As this Court recognized in **L.P.**:

Although the Juvenile Act requires that a decertification court consider all of the amenability factors, it is silent as to the weight that should be assessed to each factor. The ultimate decision of whether to certify a minor to stand trial as an adult is within the sole discretion of the decertification court. A decertification court must consider all the facts set forth in § 6355 of the Juvenile Act, but it need not address, *seriatim,* the applicability and importance of each factor and fact in reaching its final determination. **Ruffin**, 10 A.3d at 339 (citations omitted). Furthermore, we presume the trial court considered the entire record in making its determination, and it is not required to give a detailed explanation justifying its decision. **Id.**

**L.P.**, 137 A.3d at 636.

In its Findings of Fact, the trial court summarized the details of the crimes committed by Appellant, Appellant's family background, Appellant's behavioral issues and his history of drug and alcohol abuse, and his past involvement in the juvenile criminal system. The court also summarized the findings and opinions of Appellant's expert, Dr. Dattilo, and the Commonwealth's expert, Dr. Wright, based on their interviews with Appellant, their testing, and their review of records. Findings of Fact,

7/20/20, at ¶¶ 1- 21. The court then explained that its review of the record, considering the factors identified in Section 6355, led to the court finding that Appellant was not amendable to treatment as a juvenile. Conclusions of Law, 7/20/20, at ¶3.

Much of Appellant's argument challenging the trial court's ruling focuses on juvenile transfer proceedings generally and studies addressing a child's lack of maturity. *See* Appellant's Brief at 12-27. On pages 27-29, Appellant addresses the testimony of the experts at the certification hearing. Appellant advances arguments why Appellant's expert, a board-certified forensic psychologist, is uniquely qualified to evaluate a juvenile for decertification, while downplaying the qualifications and processes employed by the Commonwealth's expert, a board-certified geriatric psychiatrist who has testified as an expert in approximately 100 decertification proceedings. Appellant argues that his expert's opinion "regarding Appellant's amenability to treatment should be given substantially more credence by the Court." *Id.* at 29. However, as the Commonwealth properly recognizes, "a trial court may resolve conflicts in the testimony of expert witnesses, accepting one opinion over another where the record adequately supports it." Commonwealth Brief at 12 (quoting ***Commonwealth v. Sanchez***, 907 A.2d 477, 490 (Pa. 2007)). Further, "[w]hether a witness has been properly qualified to give expert witness testimony is vested in the discretion of the

lower court." *Id.* at 11 (quoting *Frey v. Potorski*, 145 A.3d 1171, 1176 (Pa. Super. 2016)).

We agree with the Commonwealth's contention that the trial court was free to resolve conflicts in the testimony in favor of the Commonwealth. "The court clearly considered and assessed the information and testimony provided by both experts, and did not abuse its discretion in affording weight to the evidence as it did." *Id.* at 15.

Appellant suggests that in light of the shocking and disturbing nature of Appellant's offenses, it is understandable that the court looked at the severity of the crime and stopped there, "feeling, as the Commonwealth expert testified, that Appellant has a 'character defect' deserving of a cell in state prison." Appellant's Brief at 29. While the court appropriately considered the severity of the crime and its impact on the victim and the community, **see** Conclusions of Law, 7/20/20, at ¶ 1, the court clearly looked beyond the severity of the crime and considered the remaining Section 6355 factors, including "the adequacy and duration of disposition alternatives available in the juvenile and adult criminal justice systems." *Id.* at ¶ 2.

In **Commonwealth v. Thomas**, 67 A.3d 838 (Pa. Super. 2013), this Court held that "[i]f the evidence presented fails to establish that the youth would benefit from the special features and programs of the juvenile system and there is no special reason for sparing the youth from adult prosecution,

the petition must be denied and jurisdiction remains with the criminal division." *Id.* at 842-43 (citation omitted).  Here, the court determined:

> Given the similarity of disposition alternatives in the juvenile and adult systems, recognizing the seriousness of [Appellant's] action and the extensive therapy needed to address [Appellant's] psychological issues, and the obvious difference that jurisdiction in the juvenile system ends when [Appellant] turns twenty-one are all factors which weigh against decertification.

Conclusions of Law, 7/20/20, at ¶ 2.  Even Appellant's expert acknowledged that the time available for rehabilitating Appellant within the juvenile system was limited, stating, "We're fighting the clock, yes.  It would have to occur very soon, yes.  As time moves on, it's less time that we have.  Even six months may make a difference."  Notes of Testimony, Decertification Hearing, 6/30/20, at 82.

> The court concluded:

> This court finds that [Appellant] is not amenable to treatment, supervision or rehabilitation as a juvenile when looking at the following factors: [Appellant's] age, mental capacity, maturity, the degree of criminal sophistication exhibited by [Appellant], [Appellant's] juvenile history and whether [Appellant] can be rehabilitated prior to the expiration of the juvenile court jurisdiction.  Facts weighing against [Appellant's] decertification include truancy, poor home environment, disciplinary problems in school, pervasive drug and alcohol abuse, the existence of prior juvenile offenses, the varied and severe psychological and emotional issues [Appellant] suffers from (resultant from his tumultuous childhood) for which extensive treatment is necessary, the sexual nature of [Appellant's] actions and the age of the victim.

Conclusions of Law, 7/20/20, at ¶3.

Based on our review of the record, we discern no gross abuse of discretion on the part of the trial court in denying decertification. Therefore, we shall not disturb its order denying certification and, therefore, affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2021